UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN ANDREW LAIGO, III,

Plaintiff,

v.

KING COUNTY, et al.,

Defendants.

CASE NO. C16-1541-TSZ-MAT

ORDER RE: MOTIONS TO AMEND COMPLAINT AND COMPEL DISCOVERY

Plaintiff Benjamin Laigo proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion to amend his complaint (Dkt. 38) and a motion to compel discovery (Dkt. 36). The Court, having considered the motions, responses, and the remainder of the record, finds and concludes as follows:

(1) Plaintiff seeks leave to amend his complaint against Dr. Henry Sagi. (*See* Dkt. 38.) Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15 (a). Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff submitted his motion to amend after the Court dismissed with prejudice all claims raised against Dr. Sagi. (Dkts. 31 & 35.) As the Court previously observed, plaintiff had ample

ORDER
PAGE - 1

time to respond to Dr. Sagi's motion for summary judgment, including a two month extension of time, but failed to submit any response prior to the noting date. (Dkt. 32 at 2; *see also* Dkt. 31 at 2, n.1.) Nor did plaintiff timely submit objections to the Report and Recommendation addressing Dr. Sagi's dispositive motion. (*See* Dkt. 31 at 8.)[1] Plaintiff's motion to amend is, therefore, both untimely and futile in seeking leave to amend a complaint regarding an individual who is no longer a party to this action. The motion to amend (Dkt. 38) is DENIED.

(2) Plaintiff filed a motion to compel discovery and to direct responses to requests for admission, interrogatories, and requests for production of documents. (Dkt. 36.) Defendant King County objects to the motion as premature and otherwise not compliant with applicable rules, and to the discovery requests as untimely. (Dkt. 39.)

By Order dated November 4, 2016, the Court advised plaintiff the Federal Rules of Civil Procedure requires answers or objections to discovery requests to be responded to within thirty days after service, and, therefore, that the serving party must provide their discovery requests at least thirty days before the discovery deadline in order to allow the other party time to answer. (Dkt. 12 at 1.) *See also* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). Plaintiff's discovery requests, docketed and received by defendants on the day prior to the May 31, 2016 discovery deadline (*see* Dkt. 32 & 36), were untimely. Plaintiff, moreover, filed his motion to compel without providing defendants any time to respond to the discovery requests. *See* Fed. R. Civ. P. 37(a)(3)(B) (allowing for a motion to compel where a party fails to answer interrogatories or requests for production).

Plaintiff's motion to compel also failed to comply with other rules of civil procedure. In

---

[1] A response to Dr. Sagi's motion (Dkt. 37), submitted after the Order adopting the Report and Recommendation, was untimely and will not be considered.

ORDER
PAGE - 2

general, discovery should be conducted between the parties. A party should not seek judicial intervention unless the parties reach a disagreement they cannot resolve on their own. The Court will not hear a motion to compel discovery until the moving party has met and conferred with opposing counsel or made a good faith effort to do so. Fed. R. Civ. P. 37(a)(1); Local Civil Rule (LCR) 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The certification must list the date, manner, and participants to the conference." LCR 37(a)(1). A good faith effort to confer requires a face-to-face meeting or telephone conference. *Id*.

Pro se litigants remain bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Here, there is no indication plaintiff made a good faith effort to resolve his discovery issues with defendants prior to seeking judicial intervention. Nor does the motion to compel include a certification stating the parties conferred prior to the filing of the motion in an attempt to resolve a discovery dispute. For this reason and for the reasons stated above, plaintiff's motion to compel (Dkt. 36) is DENIED.

(3) The Clerk is directed to send copies of this Order to the parties and to the Hon. Thomas S. Zilly.

Dated this 7th day of July, 2017.

Mary Alice Theiler
United States Magistrate Judge