UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN ANDREW LAIGO, III,

                Plaintiff,

    v.

KING COUNTY,

                Defendant.

CASE NO. C16-1541-TSZ-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Benjamin Laigo is currently incarcerated at Coyote Ridge Corrections Center (CRCC) and proceeds pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to his serious medical needs during his confinement as a pretrial detainee at King County Correctional Facility (KCCF). (Dkt. 4.)

Plaintiff initially identified numerous defendants in this case. Because he could not properly bring suit against either Harborview Medical Center (HMC) or KCCF, the Court dismissed those entities prior to service. (Dkt. 5 at 2-3.) The Court allowed for service on HMC physician Dr. Henry Sagi and on King County, noting with respect to the latter that plaintiff

REPORT AND RECOMMENDATION
PAGE - 1

appeared to allege a constitutional violation through one or more municipal policies or practices, such as acts or omissions occurring as a result of "'pre-trial needs.'" (*Id*. at 3.) The Court subsequently dismissed plaintiff's claims against Dr. Sagi on summary judgment. (Dkt. 31.)

Plaintiff also included as defendants in his complaint unidentified KCCF custody officers, transport officers, supervisors, nurses, and other medical providers. However, as explained at the outset of this case, the Court permitted the use of "John Doe" defendants only until plaintiff had the opportunity through discovery to identify unknown individuals. (Dkt. 5 at 3.) Plaintiff had an obligation to provide names and addresses and, without that information, service could not be effectuated. Because plaintiff did not provide any names or addresses, there are no individual defendants in this case. (*See* Dkt. 31 at 1-2 (April 2017 order stating only Dr. Sagi and King County remained as defendants at that time).)

King County, the sole remaining defendant, now moves for summary judgment. (Dkt. 47.) Plaintiff opposes the motion, while also requesting an order compelling discovery responses, an extension of time to respond or a stay, and the appointment of counsel. (Dkts. 55-56.) The Court herein concludes plaintiff's requests should be denied, King County's motion should be granted, and plaintiff's complaint and this action should be dismissed.

## BACKGROUND

On November 8, 2015, plaintiff was involved in a head-on car collision, arrested at the scene, and transported to HMC. (Dkt. 48 at 2; Dkt. 54 at 7-8.) HMC provided treatment for dislocation and fracture of plaintiff's right hip, multiple rib fractures, and pneumonia. (Dkt. 48 at 2.) On November 17, 2015, HMC discharged plaintiff to KCCF with prescriptions and a request for a follow-up appointment with HMC Orthopedics (HMC Ortho). (*Id*.)

At intake, KCCF Jail Health Services (JHS) staff confirmed plaintiff's prescriptions and

REPORT AND RECOMMENDATION
PAGE - 2

discharge instructions with HMC, including an indication to be non-weight bearing on the right leg. JHS entered prescriptions for, *inter alia*, MS Contin (extended release morphine), oxycodone, acetaminophen, and gabapentin for nerve pain, provided plaintiff with a walker, wheelchair, and incentive spirometer for his lungs, scheduled a follow-up appointment at HMC, and moved plaintiff into the infirmary. (*Id*. at 3-4.) KCCF transferred plaintiff to the general population on November 24, 2015, after medical clearance by a physician and a fitting with crutches. (*Id*. at 3, 5.) From the time of his intake through his December 6, 2016 transfer from KCCF, JHS and HMC saw plaintiff and provided treatment on numerous occasions. (*See id*. at 3-11.)

Plaintiff takes issue with many different aspects of his treatment, or lack thereof, prior to and throughout his KCCF incarceration. (*See* Dkts. 4 and 4-1.) He maintains his HMC discharge occurred at the behest of KCCF, despite being told his injuries would take weeks to heal. He alleges he was required, in the KCCF infirmary, to get in and out of bed to receive his medication and use the restroom, despite his inability to walk or bear weight on his injured leg/hip. Plaintiff contends KCCF prematurely withdrew his wheelchair and cut-off pain and nerve damage medication, failed to provide proper transportation, with a wheelchair and "cabulance" (wheelchair van), to court and to HMC for follow-up appointments, denied proper shower access, and failed to provide physical therapy. He alleges King County acted or failed to act in an effort to satisfy its "pre-trial needs." Plaintiff avers his injuries did not heal properly, causing him immense, ongoing pain and permanent physical damage.

## DISCUSSION

In arguing its entitlement to summary judgment, King County denies deliberate indifference to plaintiff's medical needs or any custom or policy depriving plaintiff of a clearly established constitutional right. Plaintiff both counters these contentions and requests other relief

REPORT AND RECOMMENDATION
PAGE - 3

prior to a ruling on summary judgment.

A. <u>Plaintiff's Miscellaneous Requests for Relief</u>

Plaintiff requests an order compelling discovery responses, either an extension of time to respond to King County's motion or a stay pending inspection of documents pertinent to his claims, and the appointment of counsel. (Dkt. 55 at 16, 48-49 and Dkt. 56 at 11-12, 15). He bases these requests, at least in part, on an alleged deprivation of access to his documents and King County's failure to comply with the civil rules of procedure in relation to discovery requests.

On July 7, 2017, the Court rejected plaintiff's motion for an order compelling discovery. (Dkt. 53.) Plaintiff had been notified, in early November 2016, of the January 3, 2017 discovery deadline, and that he must provide discovery requests at least thirty days prior to that deadline. (Dkt. 12 at 1.) Although the Court twice thereafter extended the deadline, plaintiff did not provide his discovery requests to defendants until the day prior to the final, May 31, 2017 discovery deadline. (*See* Dkt. 53 at 2-3.) He also simultaneously filed a motion to compel, with no indication of any good faith effort to resolve his discovery issues prior to filing the motion. (*Id.*) Plaintiff now states counsel for King County refused his attempt to confer. (Dkt. 55 at 2.) This bare suggestion, denied by King County (Dkt. 60 at 1-2) and unaccompanied by any evidentiary support, does not justify an order compelling responses to plaintiff's untimely discovery requests.

Nor does the Court find any basis for further discovery, an extension, or a stay based on an alleged inability to access documents or any other institutional barrier (*see, e.g*., Dkt. 56 at 4-5 (describing the destruction of his mail and other aspects of his current incarceration)). The initial period of discovery ran for a full month prior to plaintiff's transfer, in early December 2016, from KCCF to Washington Corrections Center (WCC). The Court extended the discovery deadline to April 5, 2017, with consideration of the fact plaintiff had been moved to WCC's receiving unit

REPORT AND RECOMMENDATION
PAGE - 4

and lacked access to his legal materials. (Dkt. 27.) WCC and CRCC employees now attest plaintiff had in his possession three legal envelopes and a chain bag upon his arrival at CRCC on January 26, 2017, and received an additional box on February 23, 2017. (Dkts. 61-62.) However, when plaintiff sought a second extension of the discovery deadline, in early April 2017, he maintained he had not yet received the box containing his legal evidence. (Dkt. 28.) The Court extended the deadline to the end of May 2017 (Dkt. 32) and plaintiff did not request an additional extension.

Plaintiff, moreover, timely submitted two responses to King County's motion for summary judgment. (Dkts. 55-56). These submissions include detailed responsive arguments. Plaintiff also submitted a filing containing additional argument and attaching medical and other documents in response to King County's reply. (Dkts. 63-64.)[1] This "surreply" need not be considered given that it fails to comply with any aspect of Local Civil Rule 7(g) (a surreply must be "strictly limited" to addressing a request to strike material in a reply brief: "Extraneous argument or a surreply filed for any other reason will not be considered."; surreply must also be preceded by notice of intent to file, submitted within five days of the reply brief, and may not exceed three pages).) However, in light of plaintiff's pro se status and a desire to address his arguments in full, the undersigned herein considers the surreply and attachments.

Considered together with the significant amount of time provided to conduct discovery in this case, plaintiff's several different responsive filings refute the need for additional discovery, an extension, or a stay. It is further unclear how additional discovery or a delay in the resolution of King County's motion would cure the defects necessitating dismissal of this suit.

The Court, finally, finds no basis for the appointment of counsel. As the Court previously

---

[1] The second filing is identical to the first, with the exception of the signature date and the inclusion of attachments. (*See* Dkts. 63-64.)

REPORT AND RECOMMENDATION
PAGE - 5

determined (*see* Dkt. 27 at 2-4), plaintiff does not present exceptional circumstances sufficient to warrant appointed counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). All of plaintiff's miscellaneous requests should, therefore, be denied.

B. <u>King County's Motion for Summary Judgment</u>

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are facts which might affect the outcome of the pending action under governing law. *See Anderson*, 477 U.S. at 248. Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id*.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, and must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). *See also Hernandez v. Spacelabs Med. Inc*., 343 F.3d 1107, 1112 (9th Cir. 2003) (party opposing summary judgment may not rest upon mere allegations or denials in the pleadings, unsupported conjecture, or conclusory statements), and *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (nonmoving party must present significant and probative evidence to support his or her claims). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on a motion for summary judgment, the court may not weigh the evidence or make credibility determinations. *Id*. at 255.

Plaintiff raised his claims pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim,

REPORT AND RECOMMENDATION
PAGE - 6

plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff alleges a constitutional violation through deliberate indifference to his serious medical needs and municipal liability for the violation of his rights.[2] The Court finds King County entitled to summary judgment.

1. <u>Medical treatment</u>:

The Court applies a deliberate indifference standard in considering claims relating to medical care. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010), *overruled in part on other grounds in Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017).[3] A prisoner or pretrial detainee must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106.

A prison official may be deemed to have been deliberately indifferent to serious medical needs "when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (sources and internal quotation marks omitted). Liability applies only where a prison official knows the inmate faces "a substantial risk of serious

---

[2] The Court declines to address information or argument on any other, unrelated matters. (*See, e.g.*, Dkt. 57 at 1 and Dkt. 63 at 1-2, 7.)

[3] In *Castro*, 833 F.3d at 1070-71, the Ninth Circuit held the Fourteenth Amendment's "objective standard" addressing an excessive force claim and set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015), applies to a pretrial detainee's failure-to-protect claim. The Ninth Circuit has not indicated an alteration in the deliberate indifference standard as applied to pretrial detainees in medical treatment claims. *See, e.g., Conley v. Nielsen*, No. 15-35732, 2017 U.S. App. LEXIS 16214 at *2-3 (9th Cir. Aug. 24, 2017); *Wilson v. Alvarez*, No. 16-17151, 2017 U.S. App. LEXIS 10042 at *2-3 (9th Cir. June 6, 2017). Here, under any potentially applicable standard, plaintiff's medical treatment claim is properly dismissed.

REPORT AND RECOMMENDATION
PAGE - 7

harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A "defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). A defendant "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239 (9th Cir. 2016) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care[.]" *Estelle*, 429 U.S. at 105-06; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988). Nor does a difference of opinion between an inmate and medical authorities regarding proper treatment give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). *See also Estelle*, 529 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

King County observes plaintiff's failure to identify any individual defendant, and asserts its staff provided plaintiff with medically appropriate care, including repeated referrals to orthopedic specialists at HMC. (*See* Dkts. 47-48.) King County further states that HMC Ortho cleared plaintiff to be touch down weight bearing as early as November 30, 2015 and full weight bearing on February 8, 2016, and that JHS followed HMC Ortho recommendations by providing

REPORT AND RECOMMENDATION
PAGE - 8

a wheelchair, walker, crutches, and cane as recommended over the course of plaintiff's incarceration. King County contends plaintiff himself disregarded HMC recommendations and admitted to being full weight bearing before medical clearance to do so. King County maintains that, once cleared for greater mobility by HMC Ortho, there was no medical reason for transport by wheelchair and cabulance. King County also contends JHS staff made medically appropriate decisions with regard to the types, doses, schedules, and continued necessity of plaintiff's medications. Plaintiff rejects King County's contentions and, in particular, stresses the absence of any evidence he was provided with prescribed physical therapy. (*See, e.g.,* Dkts. 55 and 63.)

This claim should be dismissed due to plaintiff's failure to name any individual allegedly deliberately indifferent to his serious medical needs. Moreover, even if he had named an individual defendant, plaintiff's claim would be subject to dismissal on summary judgment. A declaration from the JHS Medical Director outlines treatment provided to plaintiff at both KCCF and HMC, and attests to the medical appropriateness of that care. (Dkt. 48.) Medical records submitted by plaintiff corroborate the content of that declaration and King County's arguments on summary judgment, and directly refute plaintiff's assertion as to the absence of any physical therapy. (*See, e.g.*, Dkt. 64 at 13 (October 16, 2016: "Uses two crutches, however walks with both feet weight bearing."); *id*. at 45 (November 15, 2016: referral to HMC Physical Therapy (PT) for "work on gait training and strengthening exercises"); *id*. at 21 (November 29, 2016: "Will try an increased dose of gabapentin at bed time to aid in pain control. Will otherwise wait for further guidance from HMC PT and HMC Ortho. [Patient] is agreeable to this plan and felt reassured."); *id*. at 27 (December 2, 2016: "[Inmate] returns from HMC PT Appt. See HMC Notes. F/U in 4 week. Sent Exercise sheet – copy made for [inmate].") (case of text modified); *id*. at 29 (December 3, 2016: "Reviewed PT record of instructions for rehab of R hip . . . . They recommend monthly

REPORT AND RECOMMENDATION
PAGE - 9

f/u sessions."); *id*. at 51 (December 4, 2016: HMC PT appointment scheduled for January 3, 2017); and *id*. at 43, 49 (reflecting cancellation of one or more external PT and occupational therapy appointments scheduled to occur *after* plaintiff's transfer from KCCF on December 6, 2016).)

To the extent plaintiff believes he should have received a higher level of medical care or that care providers should have followed alternative courses of treatment, neither contention would preclude summary judgment. As argued by King County, the evidence does not show constitutionally deficient care or the required subjective element of deliberate indifference by any hypothetical individual defendant.

2. Municipal liability:

A municipality or local government unit, such as King County, can be sued as a "person" under § 1983. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose municipal liability must identify municipal "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). *See also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"). Liability may also exist where there is a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992) (citing *City of Canton*, 489 U.S. at 388). Municipal liability must reflect "deliberate indifference" to a constitutional right, *City of Canton*, 489 U.S. at 392, and entails an objective inquiry, *Castro*, 833 F.3d at 1076 (citing Supreme Court's understanding that an objective standard necessarily applies to municipalities "for the practical reason that government entities, unlike individuals, do not themselves have states of mind.")

To impose municipal liability in this case, plaintiff must show (1) a King County employee violated his constitutional rights; (2) King County has customs or policies that amount to deliberate indifference; and (3) those customs or policies were the moving force behind the employee's violation of plaintiff's constitutional rights. *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006). As discussed above, plaintiff does not identify a King County employee who violated his constitutional rights. Plaintiff also fails to identify or provide evidence supporting the existence of a custom or policy amounting to deliberate indifference and serving as the moving force behind any such constitutional violation.

The Court allowed service on King County because plaintiff appeared to allege a constitutional violation through one or more municipal policies or practices, such as acts or omissions occurring as a result of "'pre-trial needs.'" (Dkt. 5 at 3.) In responding to King County's motion for summary judgment, plaintiff did not repeat or support that assertion, and did not identify any other policy or practice as a basis for municipal liability. (*See* Dkts. 55-56.)

In the "surreply" submitted after the completion of briefing, plaintiff asserts various other policies or customs caused his injuries. Although not entirely clear, plaintiff appears to identify policies or customs of (1) overlooking the First Amendment right to grieve medical treatment; (2) treating an inmate as a nuisance, rather than as a patient; (3) failing to follow prescribed physical therapy; and (4) providing deficient care. (Dkt. 63 at 8-11.) This appears to reflect a mere re-packaging of alleged acts or omissions of unidentified individual King County employees as general policies or customs of King County, rather than the identification of any actual policies or customs. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method

REPORT AND RECOMMENDATION
PAGE - 11

of carrying out policy."). In any event, plaintiff's belated contention such policies or customs existed and resulted in the violation of his constitutional rights is no more than conclusory and contradicted by the evidence before the Court (*see* Dkt. 48 and Dkt. 64 at 13-69). King County is, therefore, entitled to summary judgment.

## CONCLUSION

The Court recommends plaintiff's requests for an order compelling discovery, an extension of time or a stay, and for the appointment of counsel (*see* Dkts. 55-56) be DENIED, that King County's Motion for Summary Judgment (Dkt. 47) be GRANTED, and that this case be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 29, 2017**.

Dated this 5th day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge