UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN ANDREW LAIGO, III,

  Plaintiff,

  v.

KING COUNTY, et al.,

  Defendants.

C16-1541 TSZ

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, docket no. 65. Having reviewed plaintiff's objections to the R&R, docket no. 66, defendant King County's response to plaintiff's objection, docket no. 67, and the relevant portions of the record, the Court enters the following order.

**Discussion**

Plaintiff Benjamin Andrew Laigo, III commenced this action, asserting claims under 42 U.S.C. § 1983, against King County, King County Jail ("KCJ"), and Harborview Medical Center ("HMC"). The claims against KCJ and HMC were dismissed because the jail was not a proper defendant and HMC, as an arm of the state, is

ORDER - 1

immune from suit pursuant to the Eleventh Amendment. <u>See</u> Order at ¶¶ 1 & 2 (docket no. 5). Plaintiff's complaint was treated as naming, in addition to King County, the following defendants in their individual capacities: Henry C. Sagi, M.D., a physician at HMC, and various Does who are KCJ custody or transport officers, supervisors, or health service providers. <u>See</u> <u>id.</u> at 2 n.1 & ¶ 3. Dr. Sagi's motion for summary judgment was granted, and the claims against him were dismissed with prejudice. Order (docket no. 35).

With respect to plaintiff's remaining claims against King County, the deadline for completing discovery was extended to May 31, 2017. <u>See</u> Order at ¶ 2 (docket no. 32). On May 28, 2017, plaintiff filed a motion to compel discovery, attached to which were interrogatories, requests for production ("RFPs"), and requests for admissions. <u>See</u> Pla.'s Mot. (docket no. 36). King County filed blanket refusals to respond to plaintiff's discovery requests on the ground that they were not served at least thirty (30) days before the discovery deadline. <u>See</u> Def.'s Resp. (docket nos. 44, 45, & 46). King County also made specific objections to some of the RFPs, including several objections that the requests were "vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." <u>See</u> Def.'s Resp. (docket nos. 45 & 46). The latter basis is, of course, no longer appropriate in light of the 2015 amendments to Federal Rule of Civil Procedure 26(b).

Magistrate Judge Theiler subsequently denied plaintiff's motion to compel because plaintiff had not provided King County sufficient time to respond to his discovery requests before filing his motion and had not certified that he had made a good

ORDER - 2

faith effort to confer and resolve the discovery dispute before seeking judicial intervention. Order (docket no. 53). In the meanwhile, King County filed a motion for summary judgment. In response to such motion, plaintiff sought an extension pursuant to Federal Rule of Civil Procedure 56(d), although he referred to former Rule 56(f). Pla.'s Resp. (docket no. 55). Plaintiff also filed a "reply" in support of his motion to compel, but it was received after the motion was denied, and it instead reads like a motion for reconsideration. Pla.'s Reply (docket no. 56). In such filing, plaintiff explains that he had difficulty serving his discovery requests because his mail was either "withheld, distroyed [sic] or altered." Id. at 4. Plaintiff also appears to renew his earlier request for appointment of counsel. See id. at 12, 15; see also Order (docket no. 27) (denying motion to appoint counsel). Before any ruling was issued on plaintiff's motion for an extension, and after the noting date of King County's motion for summary judgment, plaintiff filed a substantive response, docket no. 63, as well as a supplemental response, docket no. 64, to King County's motion.

The R&R suggests that King County is the only remaining defendant because plaintiff has never identified the Doe defendants. The R&R further recommends that King County be relieved of any obligation to respond to the discovery requests in which plaintiff is seeking the names of Doe defendants.[1] The Court DECLINES to adopt these portions of the R&R. Rather, the Court treats plaintiff's "reply," docket no. 56, as a

---

[1] Plaintiff appears to already possess his medical records for the period during which he was in KCJ, and the Court agrees that King County has no further obligation to identify the health service providers who might be Doe defendants.

ORDER - 3

motion for reconsideration of Magistrate Judge Theiler's Order denying plaintiff's motion to compel discovery, docket no. 53, and DIRECTS King County to file, on or before October 27, 2017, a response, not to exceed eight (8) pages in length, concerning why it should not be required to answer RFP Nos. 3 & 8 (docket no. 45), as to which King County offered no objection other than the untimeliness of the request.[2] *See* Local Civil Rule 7(h)(3). No reply shall be filed by plaintiff unless otherwise directed by the Court.

The R&R also recommends that plaintiff's Rule 56(d) request for extension be denied and that King County's motion for summary judgment be granted. The Court DEFERS ruling on these portions of the R&R. The Court, however, ADOPTS the R&R's recommendation that plaintiff's renewed motion for appointment of counsel be denied.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) The R&R, docket no. 65, is ADOPTED in part, MODIFIED in part, and DEFERRED in part;

(2) Plaintiff's renewed motion for appointment of counsel, docket no. 56, is DENIED;

---

[2] Among the records plaintiff filed in response to King County's motion for summary judgment was a referral note indicating that plaintiff "went to HMC Ortho apt, but needed to have CT prior. Court Detail was not willing to wait for Radiology so apt canceled and re-requested for after CT." Pla.'s Supp. Resp. (docket no. 64 at 39). King County shall either identify the KCJ custody or transport officers who were involved in this incident or explain why plaintiff is not entitled to such information.

ORDER - 4

(3) Plaintiff's "reply," docket no. 56, is treated as a motion for reconsideration of Magistrate Judge Theiler's Order denying plaintiff's motion to compel discovery, docket no. 53, and King County is DIRECTED to file a response by October 27, 2017;

(4) The R&R is RENOTED to October 27, 2017; and

(5) The Clerk is DIRECTED to send a copy of this Order to counsel for King County, plaintiff pro se, and Magistrate Judge Theiler.

IT IS SO ORDERED.

Dated this 12th day of October, 2017.

Thomas S. Zilly
United States District Judge