UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN ANDREW LAIGO, III,

Plaintiff,

v.

KING COUNTY, et al.,

Defendants.

C16-1541 TSZ

ORDER

By Order entered October 12, 2017, docket no. 68, the Court adopted in part, modified in part, and deferred in part the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, docket no. 65. The Court now enters the following order.

**Discussion**

In this case, plaintiff pursues claims under 42 U.S.C. § 1983 against King County and various Does who are custody or transport officers, supervisors, or health service providers at King County Jail. Plaintiff propounded several discovery requests to which King County filed blanket refusals to respond on the ground that they were not served at least thirty (30) days before the discovery deadline. *See* Def.'s Resps. (docket nos. 44, 45, & 46). King County also objected to certain requests for production ("RFPs") based on standards no longer applicable in light of the 2015 amendments to Federal Rule of Civil Procedure 26(b). *See* Order at 2 (docket no. 68). As to RFPs Nos. 3 and 8, which

ORDER - 1

sought the transport times and schedules for plaintiff between November 8, 2015, and December 30, 2016, and the identities of persons involved in transporting plaintiff, including "cabulance" personnel, King County made no specific objection and provided no response. <u>See</u> Def.'s Resp. (docket no. 45).

Magistrate Judge Theiler denied plaintiff's motion to compel discovery, <u>see</u> Order (docket no. 53), and plaintiff's subsequent "reply," docket no. 56, was treated as a motion for reconsideration. The Court directed King County to file a response to plaintiff's motion for reconsideration indicating why it should not be required to answer RFP Nos. 3 and 8. <u>See</u> Order at 4 (docket no. 68). In its response to the motion for reconsideration, King County acknowledges that its only basis for objection to RFPs Nos. 3 and 8 was their untimeliness. <u>See</u> Def.'s Resp. at 1 (docket no. 70). King County further asserts that, on October 10, 2016, plaintiff was provided a list of King County Department of Adult & Juvenile Detention ("DAJD") transport officers who brought or accompanied him to Harborview Medical Center ("HMC") during the time period at issue. Williams Decl. at ¶ 4 & Ex. A (docket nos. 74 & 74-1). Plaintiff denies receiving such list prior to its filing on October 27, 2017, in connection with King County's response to the motion for reconsideration. <u>See</u> Pla.'s Mot. to Amend at 3 (docket no. 75).

Regardless of whether the list was provided to plaintiff before he propounded RFPs Nos. 3 and 8, King County fails to explain why it could not have simply indicated in its discovery responses that the requested information had been supplied earlier to plaintiff. Moreover, although King County now indicates that cabulance drivers are not King County employees and that DAJD does not have a record of which cabulance

ORDER - 2

drivers assisted in transporting plaintiff to HMC, see Williams Decl. at ¶ 4 (docket no. 74), King County did not provide such substantive information in response to RFPs Nos. 3 and 8.

Plaintiff has moved for leave to amend to identify the Doe defendants, which presumably include the custody or transport officers, supervisors, and health service personnel involved in the incident on November 21, 2016, when plaintiff was unable to have a follow-up appointment with HMC's orthopedic department because a prerequisite CT scan had been erroneously scheduled for December 12, 2016. Plaintiff's motion for leave to amend was not noted, and King County has filed no response, but in its briefing on plaintiff's motion for reconsideration, King County raised a futility argument. King County contends that the failure to arrange for a CT scan prior to the appointment with HMC's orthopedic department was not an "intentional" error, see Schroeder Decl. at ¶ 6 (docket no. 72),[1] and that transport officers could not have deviated from their schedule for November 21, 2016, to accommodate the delay associated with obtaining a CT scan, see Taylor Decl. at ¶¶ 3-5 (docket no. 73). Whether plaintiff can prove to the contrary remains to be seen, but the Court is persuaded that, pursuant to Federal Rule of Civil Procedure 15(a)(2), which guides the Court to "freely give leave [to amend] when justice so requires," plaintiff should be allowed to try.

---

[1] Catherine Schroeder, an Advanced Registered Nurse Practitioner in King County's Jail Health Services ("JHS"), has indicated that plaintiff was seen at HMC on November 14, 2016, and that after such appointment, a JHS staff member transcribed the HMC chart notes into plaintiff's JHS records without making clear that a CT scan needed to occur before the next appointment with HMS's orthopedic department on November 21, 2016. See Schroeder Decl. at ¶¶ 4-5 (docket no. 72). King County has not explained how Schroeder, who apparently did not herself make the transcription or scheduling error, can testify about the mental state of the person who did.

ORDER - 3

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion for reconsideration, docket no. 56, is GRANTED in part, and to the extent that King County has not already fully answered RFP Nos. 3 and 8, it is DIRECTED to do so within fourteen (14) days of the date of this Order. The motion for reconsideration is otherwise DENIED.

(2) Plaintiff's related motion for leave to amend to identify the Doe defendants, docket no. 75, is GRANTED. Any amended complaint shall be filed on or before January 31, 2018.

(3) The deferred portions of the R&R, docket no. 65, are MODIFIED as follows: King County's motion for summary judgment, docket no. 47, is STRICKEN without prejudice to refiling after any amended complaint is filed.

(4) This matter is REFERRED back to Magistrate Judge Theiler for further proceedings. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3); Local Rule MJR 4.

(5) The Clerk is DIRECTED to send a copy of this Order to all counsel of record, to plaintiff pro se, and to Magistrate Judge Theiler.

IT IS SO ORDERED.

Dated this 5th day of December, 2017.

Thomas S. Zilly
United States District Judge