UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENJAMIN ANDREW LAIGO,

                Plaintiff,

v.

KING COUNTY, et al.,

                Defendants.

CASE NO. C16-1541-TSZ-MAT

ORDER RE: PENDING MOTIONS

Plaintiff proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Having considered two pending motions, the Court herein finds and ORDERS as follows:

(1) Plaintiff filed a Motion Requesting Court Response. (Dkt. 136.) Plaintiff previously submitted, but did not note as a motion for the Court's consideration, a document captioned: "Objection to Amended Notice of Appearance of the State. And Request to Bifurcate trial Request, pursuant to Fed. R. 42(b)." (Dkt. 132.) In both filings, plaintiff takes issue with the representation of King County and the individual defendants, in their official and individual capacities, by a Senior Deputy Prosecuting Attorney for King County, and asks that the Court bifurcate this case into two separate trials, handling the claims against the individuals separately

1  from those against King County. For the reasons set forth in defendants' opposition to the motion
2  (*see* Dkt. 138), plaintiff's contentions regarding defendants' representation are wholly without
3  merit and frivolous. Nor does the Court see any need or justification for bifurcating plaintiff's
4  claims. Plaintiff's motion (Dkt. 132) is DENIED.

5  (2) Defendants filed a 12(f) Motion to Strike or in the Alternative 41(b) Motion to
6  Dismiss plaintiff's amended complaint. (Dkt. 134.) Defendants object to the inclusion of thirty-
7  nine individual King County employees and to the addition of ninety-five pages beyond the
8  original complaint. Defendants assert that, in his December 5, 2017 Order, Judge Thomas S. Zilly
9  granted leave to amend only with the names of the sixteen King County Department of Adult and
10 Juvenile Detention (DAJD) transport officers identified in defendants' supplemental discovery
11 responses. (*See* Dkt. 76.) They argue the addition of the numerous new defendants prejudices
12 their ability to coordinate a defense and imposes unnecessary delay, and that the 116-page pleading
13 fails to comply with either the narrow scope of the order allowing the amendment or the "short
14 and plain statement" provided for under Federal Rule of Civil Procedure 8(a)(2). Defendants ask
15 that the Court strike, pursuant to Rule 12(f), either the amended complaint in its entirety or those
16 portions that do not pertain to the sixteen DAJD transport officers, or dismiss this case pursuant to
17 Rule 41(b) for failure to comply with the Court's order.

18 Judge Zilly's Order did not limit plaintiff to identifying sixteen transport officers. (*See*
19 Dkt. 76 at 3 ("Plaintiff has moved for leave to amend to identify the Doe defendants, which
20 presumably include the custody or transport officers, supervisors, and health service personnel
21 involved in the incident on November 21, 2016[.]") and 4 (granting plaintiff's motion for leave to
22 identify "the Doe defendants").) Defendants do not, therefore, establish plaintiff's failure to
23 comply with the Court's order. Nor do defendants accurately depict the length of the amended

complaint. Although accompanied by many attachments, the pleading is, by itself, sixty-two pages in length. (*See* Dkt. 79.) Moreover, although lengthy, the Court finds leeway appropriate in light of plaintiff's pro se status. The Court further declines to impose any additional delay by requesting the submission of a shorter and/or revised second amended complaint. For these reasons, defendants' motion to strike or dismiss (Dkt. 134) is DENIED.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Hon. Thomas S. Zilly.

DATED this 21st day of May, 2018.

Mary Alice Theiler
United States Magistrate Judge